UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE POINDEXTER, | No. 2:21-cv-0760 AC P |
| Plaintiff, | |
| v. | ORDER |
| J. LYNCH, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B). Plaintiff has also filed a motion to consolidate this case with Poindexter v. Lynch, No. 2:21-cv-0887 JAM DMC P ("Poindexter II"). ECF No. 6.

For the reasons stated below, Plaintiff's motion to proceed in forma pauperis will be granted, and his motion to consolidate this action with Poindexter II will be denied as moot. Plaintiff will also be given the opportunity either to proceed on the cognizable claims identified below or to amend the complaint.

I.  APPLICATION TO PROCEED IN FORMA PAUPERIS

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, Plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, Plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to Plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hosp.

Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III. THE COMPLAINT

Plaintiff, an inmate at California State Prison – Sacramento ("CSP-Sacramento"), names five CSP-Sacramento employees as defendants in this action: Warden J. Lynch, and correctional officers D. Moreno, F. Navarro, S. Elizarraras, Assaad (sic), and T. Nguyen. ECF No. 1 at 1-2. Plaintiff alleges that on November 20, 2020, Defendants Moreno, Navarro, Elizarraras, and Assaad used excessive force against him during a cell extraction, in violation of the Eighth Amendment, when they beat him in back of his head with their batons, fists, boots and the like as he lay face down on the ground. Id. at 3. He further alleges that Defendant Nguyen, who was present in the cell, failed to intervene and stop the other defendants. Id. at 5. Although the complaint is somewhat unclear and disjointed, it appears that Defendants took said action against Plaintiff because he had previously filed an incident report.[1] See id. at 3-4. The beating caused a wound to the back of Plaintiff's head that had to be stapled shut, and a swollen right hand. Id. He also experienced head pain and emotional distress. Id. at 5.

Plaintiff also alleges that Defendants Moreno, Navarro, and Elizarraras violated his First Amendment right to be free from retaliation when they threatened him with physical violence because he had exercised his right to seek redress via the prison grievance system. See ECF No. 1 at 6. The complaint identifies no claims against named Defendant Lynch, the Warden of CSP-Sacramento.

### IV. DISCUSSION

#### A. Claims for Which a Response Will Be Required

##### 1. Eighth Amendment Excessive Force

Plaintiff has stated cognizable Eighth Amendment excessive force claims against Defendants Moreno, Navarro, Elizarraras, Assaad, and Nguyen. Accordingly, they will be

---

[1] If it is incorrect that Defendants' actions occurred because Plaintiff had filed an incident report, Plaintiff should provide the Court with a corrected statement of facts immediately.

3

required to respond to this claim in the complaint.

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (brackets added) (referencing Whitley v. Albers, 475 U.S. 312 (1986)).  In this case, regardless of the reason for a cell extraction, the allegations (interpreted liberally in Plaintiff's favor) meet this standard.

The claim lies against Defendant Nguyen because law enforcement officers have an affirmative duty to intervene to protect those in custody from constitutional abuses by their fellow officers.  See United States v. Reese, 2 F.3d 870, 887-88 (9th Cir. 1993); Ting v. United States, 927 F.2d 1504, 1511 (9th Cir. 1991).

2. First Amendment Retaliation

Plaintiff has also stated cognizable First Amendment retaliation claims against Defendants Moreno, Navarro, and Elizarraras.  This is because prisoners have a First Amendment right to file grievances.  Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing Rhodes v. Robinson, 408 F.3d 559, 566 (9th Cir. 2005).  To retaliate against a prisoner for exercising this right violates the Constitution, and it is prohibited as a matter of clearly established law.  Brodheim, 584 F.3d at 1269 (citing Rhodes, 408 F.3d at 566; Pratt v. Rowland, 65 F.3d 802, 806 & n.4 (9th Cir. 1995)).

If, as Plaintiff has alleged, Defendants Moreno, Navarro, and Elizarraras threatened Plaintiff with physical harm for using the prison grievance system (see ECF No. 1 at 6), they clearly violated Plaintiff's First Amendment right to be free from retaliation.  Therefore, these Defendants will also be required to respond to this claim.

B. Failure to State a Claim

As noted earlier, Plaintiff has not presented any claims against Defendant Lynch, the Warden of CSP-Sacramento.  See generally ECF No. 1.  To state a claim under Section 1983, a plaintiff must show how each defendant personally participated the deprivation of his rights.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); see Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff fails to state how Defendant Lynch violated his civil rights. See generally ECF No. 1. The Warden cannot be held liable for the acts of others just because he is the Warden, as there is no *respondeat superior* liability under § 1983. See Iqbal, 556 U.S. at 676. To state a claim against any supervisor, a plaintiff must generally present facts showing that the supervisor had knowledge of his subordinates' constitutional violations and an opportunity to prevent them, but failed to do but so. See Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013). In other words, there must be a causal connection between a supervisor's own conduct and the deprivation of plaintiff's rights. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

The complaint fails to state any claim against Defendant Lynch. However, if Plaintiff can show that Defendant Lynch caused the violations of his rights through his supervisory acts, Plaintiff may amend the complaint to specify how the Warden participated in or contributed to the constitutional violations.

## V.     MOTION TO CONSOLIDATE

Plaintiff has filed a motion to consolidate this case with the later-filed Poindexter v. Lynch, No. 2:21-cv-0887 JAM DMC P, or "Poindexter II." See ECF No. 6. A review of the docket in Poindexter II indicates that this case was recently dismissed as duplicative of the instant action. See Poindexter II, ECF No. 9. Consequently, there is no need either to relate or consolidate the two matters. Accordingly, this motion of Plaintiff's will be denied as moot.

## VI.     LEAVE TO AMEND

For the reasons set forth above, the Court finds that the complaint does not state any cognizable claims against Defendant Warden J. Lynch. However, Plaintiff will be given the opportunity to amend the complaint as to Warden Lynch if he desires.

Plaintiff may proceed forthwith to serve the complaint on all defendants other than Lynch on the First and Eighth Amendment claims discussed above. In the alternative, he may delay serving these Defendants and first amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the Court how he wishes to proceed. If Plaintiff chooses to amend the complaint, he will be given thirty days to do so. If Plaintiff elects to proceed on his viable claims without amending the complaint,

the Court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of Defendant Warden J. Lynch.

If Plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. See id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the Court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once Plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII. PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

Your request to proceed in forma pauperis is granted. You will not be required to pay the entire filing fee immediately.

You have stated claims for relief against Defendants Moreno, Navarro, Elizarraras, Assaad, and Nguyen for using excessive force, and against Defendants Moreno, Navarro, and Elizarraras for retaliation. You have not, however, stated any claims against Defendant Lynch.

You have a choice to make.  You may either: (1) proceed immediately on your First and Eighth Amendment claims against Defendants Moreno, Navarro, Elizarraras, Assaad, and Nguyen, or (2) try to amend the complaint to include a cognizable claim against Defendant Lynch.

If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice Defendant Lynch.  If you choose to amend your complaint, the amended complaint must include all the claims you want to make, including any ones you wish to raise against Defendants Moreno, Navarro, Elizarraras, Assaad, and Nguyen that have already been found to state a claim, because the Court will not look at the claims or information in the original complaint.  **Any claims not in the amended complaint will not be considered.**

You must complete the attached notification showing what you want to do and return it to the Court.  Once the Court receives notice, it will issue an order telling you what you need to do next (for example, file an amended complaint or wait for Defendants Moreno, Navarro, Elizarraras, Assaad, and Nguyen to be served).

Your request to consolidate this matter with filed Poindexter v. Lynch, No. 2:21-cv-0887 JAM DMC P is denied as moot because that case has been closed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this Court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Court has screened the complaint and finds that Plaintiff has not stated a claim against Defendant Warden J. Lynch upon which relief may be granted.

4. Plaintiff has the option to either (1) proceed immediately on his Eighth Amendment excessive force claims against Defendants Moreno, Navarro, Elizarraras, Assaad, and Nguyen, and his First Amendment retaliation claims against Defendants Moreno, Navarro, and Elizarraras, or (2) amend the complaint.

5. Within fourteen days of service of this order, Plaintiff shall complete and return the attached form notifying the Court whether he wants to proceed on the screened complaint or wants to file an amended complaint. If Plaintiff does not return the form, the Court will assume that he is choosing to proceed on the complaint as screened and will recommend the dismissal without prejudice of Defendant Lynch.

6. Plaintiff's request to consolidate this matter with <u>Poindexter v. Lynch</u>, No. 2:21-cv-0887 JAM DMC P (ECF No. 6) is DENIED as moot.

DATED: March 16, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE POINDEXTER,

        Plaintiff,

   v.

J. LYNCH, et al.,

        Defendants.

No. 2:21-cv-0760 AC P

PLAINTIFF'S NOTICE ON HOW TO PROCEED

CHECK ONE:

_____ Plaintiff would like to proceed immediately on his Eighth Amendment excessive force claim against Defendants Moreno, Navarro, Elizarraras, Assaad, and Nguyen and his First Amendment retaliation claim against Defendants Moreno, Navarro, and Elizarraras. Plaintiff understands that by choosing to go forward without amending the complaint, he is voluntarily dismissing Defendant Lynch from this matter pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

_____ Plaintiff would like to amend the complaint.

DATED: _____

                                              MAURICE POINDEXTER
                                              Plaintiff Pro Se