1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MAURICE POINDEXTER,                          No.  2:21-cv-0760 AC P

12                  Plaintiff,

13        v.                                       ORDER AND FINDINGS AND
                                                   RECOMMENDATIONS
14   J. LYNCH, et al.,

15                  Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief under 42

18   U.S.C. § 1983.  The case was referred to a United States Magistrate Judge pursuant to 28 U.S.C. §

19   636(b)(1)(B) and Local Rule 302.

20        Before the court is plaintiff's motion for a preliminary injunction and temporary

21   restraining order.  ECF No. 12.  For the reasons stated below, the undersigned will recommend

22   that the motion be denied.

23        I.       PLAINTIFF'S MOTION

24        Plaintiff's motion for injunctive relief was written while he was housed at California

25   Health Care Facility.  See ECF No. 12 at 1-2.  The motion states that plaintiff was badly beaten

26   by defendants while he was an inmate at California State Prison – Sacramento, and that he fears

27   that he will be killed, harmed or set up to be once he is returned there.  Id. at 2.  He seeks a court

28   order preventing that transfer.  Id.  Plaintiff requests transfer to Salinas Valley State Prison.  Id.

                                                  1

1  II.   DISCUSSION

2  To obtain preliminary injunctive relief, a party must demonstrate that: (1) he is likely to

3  succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction;

4  (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest.  Winter

5  v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008).  The propriety of a request for

6  injunctive relief hinges on a significant threat of irreparable injury that must be imminent in

7  nature.  Caribbean Marine Serv. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

8  Plaintiff's motion must be denied.  First, plaintiff fails to provide support for his claim

9  that he is in any sort of danger or harm that is imminent.  He reports no specific statements made

10  or actions taken by defendants that indicate he will be subjected to violence if returned to CSP –

11  Sacramento.  Plaintiff simply believes that he will be harmed.  ECF No. 12.  Injunctive relief

12  cannot be granted based on speculative harm.  See Caribbean Marine Serv. Co., 844 F.2d at 674.

13  To the extent that plaintiff seeks transfer to Salinas Valley State Prison, this court has no

14  authority to determine where plaintiff should be housed, and it is well-settled that a prisoner has

15  no constitutional right to be housed in a particular prison.  See Rizzo v. Dawson, 778 F.2d 527,

16  530 (9th Cir. 1985); see also Meachum v. Fano, 427 U.S. 215, 224 (1976).

17  Finally, plaintiff recently filed a notice of change of address which indicates that he is

18  now housed at Kern Valley State Prison.  ECF No. 13.  Any alleged harm at the hands of

19  defendants who are located at California State Prison – Sacramento is not possible, and eliminates

20  any legal interest plaintiff may have had in a decision on the merits of his motion.  See Jones v.

21  Williams, 791 F.3d 1023, 1031 (9th Cir. 2015) (prisoner's removal from problematic

22  environment eliminates legally cognizable interest in decision on merits).  Even if plaintiff had

23  proffered facts showing a danger to him at CSP – Sacramento, that danger is not currently

24  imminent and therefore cannot support any court order.  In other words, the motion for an order

25  preventing transfer to CSP – Sacramento is now moot.

26  For all these reasons, the instant motion for injunctive relief must be denied.

27  Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a

28  United States District Judge to this action.

2

1       IT IS FURTHER RECOMMENDED that plaintiff's motion for a preliminary injunction

2   and temporary restraining order (ECF No. 12) be DENIED.

3       These findings and recommendations are submitted to the United States District Judge

4   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5   after being served with these findings and recommendations, plaintiff may file written objections

6   with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

7   and Recommendations."  Plaintiff is advised that failure to file objections within the specified

8   time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

9   (9th Cir. 1991).

10  DATED: June 15, 2022

11   

12  ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28