UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE POINDEXTER,<br><br>          Plaintiff,<br><br>     v.<br><br>LYNCH, et al.,<br><br>          Defendants. | No.  2:21-cv-0760 TLN AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is defendants' motion for summary judgment. ECF No. 48. For the reasons discussed below, defendants' motion should be granted in part and denied in part.

I.      Plaintiff's Allegations

Plaintiff's complaint alleges that on September 20, 2020, defendants Assaad, Elizarraras, Moreno, Navarro, and Nguyen used excessive force against him during a cell extraction, in violation of the Eighth Amendment, when they beat him with their batons, fists, boots and the like as he lay face down on the ground. ECF No. 1, Verified Complaint ("Compl.") ¶¶ 8-10, 13-14, 16, 19, 21-22. Plaintiff further alleges that defendant Nguyen, who was present in the cell, failed to intervene and stop the other defendants. Id. ¶ 20. Although the complaint is somewhat unclear and disjointed, plaintiff appears to allege that defendants took this action against him because he

1

had previously filed an incident report.[1]  See id. ¶¶ 13-14, 16.  The beating caused a wound to the back of plaintiff's head that had to be stapled shut, and a swollen right hand.  Id. ¶¶ 12, 15.  He also experienced head pain and emotional distress.  Id. ¶¶ 10, 19, 20.

Plaintiff also alleges that defendants Moreno, Navarro, and Elizarraras violated his First Amendment right to be free from retaliation when they threatened him with physical violence because he had exercised his right to seek redress via the prison grievance system.  Id. ¶ 21. The complaint identifies no claims against named Defendant Lynch, the Warden of CSP-Sac.

II.     Procedural History

On April 28, 2021, plaintiff filed the complaint in this case, naming six California State Prison-Sacramento ("CSP-Sac") employees as defendants: Warden J. Lynch, and correctional officers D. Moreno, F. Navarro, S. Elizarraras, Assaad, and T. Nguyen.  See ECF No. 1.  The court screened the complaint and found that plaintiff had stated cognizable Eighth Amendment claims against Assaad, Elizarraras, Moreno, Navarro, and Nguyen, and First Amendment claims against Elizarraras, Moreno, and Navarro.  ECF No. 8 at 3-4.  The court further found that the complaint did not state any claims against Lynch.  Id. at 4-5.  Plaintiff was given the option of amending the complaint or proceeding on the complaint as screened.  Id. at 5-8.  Plaintiff chose to proceed immediately on his cognizable claims and voluntarily dismiss Lynch from the case.  ECF No. 11.

After the close of discovery, defendants moved for partial summary judgment and simultaneously served plaintiff with notice of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure along with their motion for summary judgment. ECF No. 48; ECF No. 48-7; see Klingele v. Eikenberry, 849 F.2d 409, 411 (9th Cir. 1988) (pro se prisoners must be provided with notice of the requirements for summary judgment); Rand v. Rowland, 154 F.3d 952, 960 (9th Cir. 1998) (en banc) (movant may provide notice).  Plaintiff filed an opposition, ECF No. 49, and defendants replied.  ECF No. 50.

---

[1] In the screening order, the court instructed plaintiff to correct the statement of facts immediately, if it is incorrect that Defendants' actions occurred because plaintiff had filed an incident report.  ECF No. 8 at 3.  Plaintiff did not file a correction.

2

III. Motion for Summary Judgment

A. Defendants' Arguments

Defendants argue that summary judgment is appropriate on plaintiff's Eighth Amendment claims for failure to protect and excessive force against defendant Nguyen; his Eighth Amendment excessive force claim against defendant Moreno; and the First Amendment retaliation claim against Elizarraras, Moreno, and Navarro. ECF No. 48-1, Memorandum of Points and Authorities In Support of Defendants' Partial Motion for Summary Judgment ("Defendants' MSJ Brief") at 2, 7-17.[2] Specifically, defendants argue that the evidence shows Moreno did not strike plaintiff or cause plaintiff's injuries, Nguyen did not participate in the cell extraction and could not have used excessive forced or failed to protect plaintiff, and the retaliation claims against Elizarraras, Moreno, and Navarro fail because plaintiff has not identified an adverse action and plaintiff failed to exhaust administrative remedies with respect to this claim. Id. The motion does not seek summary judgment on the Eighth Amendment excessive force claims against defendants Navarro, Elizarraras, and Assaad.

B. Plaintiff's Response

At the outset, the court notes that plaintiff has failed to comply with Federal Rule of Civil Procedure 56(c)(1)(A), which requires that "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record." Plaintiff has also failed to file a separate document in response to defendants' statement of undisputed facts ("DSUF") that identifies which facts are admitted and which are disputed, as

---

[2] The "Notice of Motion and Motion for Summary Judgment" states that defendants are seeking dismissal of the Eighth Amendment claims against defendants Nguyen and *Navarro* and dismissal of the First Amendment claims against defendants Elizarraras, *Nguyen* and Navarro. ECF No. 48 at 1. However, defendants' "Memorandum of Points and Authorities in Support of Defendants' Partial Motion for Summary Judgment" seeks dismissal of the Eighth Amendment claims against defendants Nguyen and *Moreno*, and dismissal of the First Amendment claims against Elizarraras, *Moreno*, and Navarro. See ECF No. 48-1 at 2, 12-13, 18. Because the table of contents, arguments, and conclusion section of defendants' brief make clear that they seek to dismiss the Eighth Amendment claim against defendant *Moreno* not Navarro, and the First Amendment claim against defendant *Moreno* and not Nguyen, and plaintiff has alleged a First Amendment claim against defendant *Moreno* and not Nguyen, the court will presume these were typographical errors in the Notice and proceed with the arguments as stated in defendants' brief.

3

required by Local Rule 260(b).

"Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted), overruled on other grounds, Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). However, it is well-established that district courts are to "construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). The unrepresented prisoner's choice to proceed without counsel "is less than voluntary" and they are subject to "the handicaps . . . detention necessarily imposes upon a litigant," such as "limited access to legal materials" as well as "sources of proof." Jacobsen v. Filler, 790 F.2d 1362, 1364 n.4 (9th Cir. 1986) (alteration in original) (citations and internal quotation marks omitted). Inmate litigants, therefore, should not be held to a standard of "strict literalness" with respect to the requirements of the summary judgment rule. Id. (citation omitted).

Accordingly, the court considers the record before it in its entirety despite plaintiff's failure to be in strict compliance with the applicable rules. However, only those assertions in the opposition which have evidentiary support in the record will be considered.

Plaintiff's opposition argues that plaintiff received nine to eleven staples to the back of his head for the injury sustained from defendants' actions; Navarro struck him with his baton four times; on September 20, 2020, Moreno wrote a rules violation report against plaintiff for battery on a peace officer; plaintiff has identified all defendants as persons involved in hitting, kicking, and beating him; and plaintiff submitted two grievances and one of them went missing. ECF No. 49 at 1-2. Plaintiff also disputes and/or objects to defendants' statements of undisputed facts ("DSUF") Nos. 7-12, Moreno's declaration, and Moseley's declaration. Id. at 2-3.

    C.  Defendants' Reply

Defendants reply that plaintiff provides no evidence that he exhausted all administrative remedies, that Nguyen's or Moreno's acts or omissions resulted in a constitutional violation, or that any defendant committed an act of retaliation. ECF No. 50 at 2. Defendants also argue that plaintiff's disputes DSUF Nos. 7-9 but provides no evidence to refute them, and objects to DSUF

4

No. 8 as hearsay but opposing party statements are not hearsay. ECF No. 50 at 2.

IV.    Legal Standards for Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. In such a circumstance, summary judgment should "be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials

of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c). Verified complaints, which are signed under penalty of perjury that the contents of complaint are true and correct, are admissible to oppose summary judgment. Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004). The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968). Thus, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Cent. Contra Costa Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Neilsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

////

////

V. <u>Evidentiary Objections</u>

Before ruling on the summary judgment motion, the court must "rule on evidentiary objections that are material to its ruling." <u>Norse v. City of Santa Cruz</u>, 629 F.3d 966, 973 (9th Cir. 2010) (en banc) (emphasis added), <u>cert. denied</u>, 565 U.S. 823 (2011). "At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents." <u>Fraser v. Goodale</u>, 342 F.3d 1032, 1036 (9th Cir. 2003).

Here, plaintiff objects to Moseley's declaration and defendant Moreno's declaration. ECF No. 49 at 2-3. It is not clear whether plaintiff objects to the content of the declarations, or to the attached exhibits, or to the form of the evidence. <u>Id.</u> at 2 ("Objection to Defendant Moreno statement is disputed. Plaintiff state he was hit kick beat with baton why [sic] plaintiff was face down. Plaintiff identify [sic] all five defendant [sic]," and "[a]lso on 9-21-2020 plaintiff held [sic] outside cage to make a [sic] unlawful use of force video tape wich [sic] open up this investigation Howard E Moseley never 'mention.' Plaintiff object to Moseley statement. Disputed, Plaintiff was also hit in the head."). To the extent plaintiff's objections are to the *form* of evidence, the court has reviewed the declarations and the attached exhibits and has determined that the evidence could likely be presented in admissible form at trial, and therefore may be considered. <u>Fraser v. Goodale</u>, 342 F.3d 1032, 1036 (9th Cir. 2003) (on summary judgment, the court can consider evidence submitted if its contents could be presented in an *admissible form* at trial). For example, the documents themselves could be made admissible at trial by authentication, or their contents could be admitted through witness testimony. To the extent plaintiff objects to the declarations because he disagrees with the statements made (e.g. that Moreno did not strike plaintiff) or believes a statement is incomplete (e.g. Moseley's declaration fails to mention an unlawful use of force video plaintiff created on September 21, 2020), these are not evidentiary objections. Instead, they are factual disagreements that are best addressed as disputed facts. Because plaintiff presents no valid objections, the court overrules plaintiff's objections to the declarations of Moseley and Moreno.

Plaintiff also raises a hearsay objection to DSUF No. 8, which cites to plaintiff's deposition transcript. This objection is overruled because statements "offered against an

7

opposing party" and "made by the party" are not hearsay. See Fed. R. Evid. 801(d)(2)(A). Additionally, plaintiff was deposed under penalty of perjury and he will presumably make the same statements at trial. Such statements would not be hearsay because they would not be out of court statements. See Fed. R. Evid. 801(c)(1). Alternatively, to the extent plaintiff testifies differently at trial, these statements would not be hearsay because they could be admitted as prior inconsistent statements made under penalty of perjury. See Fed. R. Evid. 801(d)(1).

With respect to DSUF Nos. 11 and 12, it is not clear whether plaintiff objects on evidentiary grounds or merely disputes the facts. To the extent plaintiff objects on hearsay grounds, the objection is overruled. DSUF No. 11 is not hearsay for the same reasons DSUF No. 8 is not hearsay. And although DSUF No. 12 contains hearsay, the statement would be admissible under Federal Rule of Evidence 803(3).

Accordingly, plaintiff's objections are overruled. In evaluating defendants' motion for partial summary judgment, the court will consider the declarations of Moseley and Moreno and attached exhibits, as well as plaintiff's deposition testimony.

VI. Undisputed Material Facts[3]

Plaintiff is an inmate in the custody of California Department of Corrections and Rehabilitation ("CDCR"). DSUF No. 1. In September 2020, plaintiff was incarcerated at CSP-Sac. Id. Defendants Assaad, Elizarraras, Moreno, and Navarro are correctional officered employed by CDCR. DSUF No. 2. Defendant Nguyen is a correctional sergeant employed by CDCR. Id.

On September 20, 2020, while plaintiff was housed at CSP-SAC in a Medical Crisis Bed, he covered his cell window, in violation of prison policy. DSUF Nos. 3, 4. After Nguyen tried to communicate with plaintiff, Nguyen radioed Assaad, Elizarraras, Moreno, and Navarro for assistance with an emergency cell extraction. DSUF Nos. 5, 6. Assaad, Elizarraras, Moreno, and

---

[3] Because the court need not reach the issue of exhaustion, facts and disputes with respect to facts concerning exhaustion have been omitted. Additionally, unless otherwise noted, the facts in this section are undisputed by the parties or are deemed undisputed by the court upon review of the record evidence. To the extent relevant, the parties' diverging versions of events are discussed separately in the "Discussion" section of these Findings and Recommendations.

1  Navarro put on personal protective equipment and entered plaintiff's cell behind a large plastic
2  shield. DSUF No. 6. Upon entry, they were pushed backwards by plaintiff. DSUF No. 7; ECF
3  No. 48-3, Plaintiff's Deposition Transcript ("Pl's Depo.") 16:12-14. After all the officers entered
4  the cell, Nguyen remained outside for about seven second and then proceeded to enter. ECF No.
5  48-5 (A. Byers' Declaration, verifying CDCR surveillance video) ("CDCR surveillance video")
6  timestamped 6:42:45-6:42:52. Before other prison staff arrived, all five defendants were in
7  plaintiff's cell for about fifty-six second, out of sight from CDCR's surveillance camera. Id.
8  timestamped 6:42:52-6:43:48. When other staff arrived to assist, plaintiff was placed on a spinal
9  board and removed from the cell. Id. timestamped 6:44:41-6:45:20.

10  Nguyen was the sergeant in charge of the cell extraction. See ECF No. 1, Compl. ¶ 8;
11  ECF No. 48-3, Pl's Depo. 14:17-18, 15:17-22; ECF No. 49 at 5. Plaintiff does not recall what
12  actions Moreno and Nguyen took during the cell extraction. DSUF No. 8; ECF No. 48-3, Pl's
13  Depo. 18:7-19:6.

14  On September 21, 2020, plaintiff made an excessive use of force video. ECF No. 1,
15  Compl. ¶ 11. On October 2, 2020, CDCR received plaintiff's grievances Nos. 45526 and 45527,
16  which related to the September 20, 2020, incident. ECF No. 48-4, Moseley Decl., at 6 (Exhibit 1,
17  Offender Grievance/Appeals Log); ECF No. 48-4 at 9-16 (Exhibit 2, CDCR 602 for Grievance
18  No. 45526), 18-22 (Exhibit 3, CDCR 602 and Decision for Grievance No. 45527). After filing
19  these grievances, plaintiff was afraid for his safety, but nothing else happened to him. DSUF No.
20  13.

21  During his deposition, plaintiff could not recall any interactions with Moreno or Navarro
22  after the September 20, 2020, incident. ECF No. 48-3, Pl's Depo. 26:21-28:13. He recalls only
23  one subsequent interaction with Elizarraras where he was being escorted to the Triage and
24  Treatment Area and Elizarraras told plaintiff, "I don't hold grudges, so don't hold grudges." Id.
25  26:24-27:12.

26  ////
27  ////
28  ////

9

VII. <u>Discussion</u>

    A.    <u>First Amendment Retaliation</u>

        i.  <u>Legal Standard</u>

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." <u>Watison v. Carter</u>, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. <u>Rhodes v. Robinson</u>, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). "To prevail on a retaliation claim, a plaintiff must show that his protected conduct was 'the "substantial" or "motivating" factor behind the defendant's conduct.'" <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1271 (9th Cir. 2009) (quoting <u>Soranno's Gasco, Inc. v. Morgan</u>, 874 F.2d 1310, 1314 (9th Cir. 1989)).

        ii.  <u>Analysis</u>

Defendants Elizarraras, Moreno, and Navarro argue that plaintiff cannot establish that they retaliated against him because he cannot show that they took any adverse actions against him. ECF No. 48-1 at 14-15. Specifically, defendants argue that plaintiff cannot identify any adverse action, or any negative interactions he has had with any of the defendants since the incident. They point to plaintiff's deposition testimony that he has not seen Navarro since the incident on September 20, 2020; he has seen Moreno often but they have not spoken; and he has had only one interaction with Elizarraras since the September 20, 2020 incident, and the extent of the interaction was Elizarraras telling plaintiff, "I don't hold grudges, so don't hold grudges." <u>Id.</u> Plaintiff does not recall if Elizarraras said anything else. Pl's Depo. 27:11-12. Plaintiff was fearful for his safety, but nothing else happened to plaintiff after September 20, 2020. <u>Id.</u> 36:22-37:2.

Plaintiff's verified complaint and opposition to the motion for summary judgment purport to identify three adverse actions—(1) the defendants beat plaintiff on September 20, 2020,

10

because he had filed an incident report, ECF No. 1, Compl. ¶¶ 8-10, 13-16; (2) Moreno, Elizarraras, and Navarro threatened plaintiff with physical violence for filing grievances against them, id. ¶ 21; and (3) on September 20, 2020, Moreno wrote a rules violation report ("RVR") against plaintiff for battery on a peace officer, ECF No. 49 at 2. However, the undisputed evidence shows that the alleged adverse actions either did not occur or occurred before plaintiff engaged in any protected conduct, and therefore cannot support a first amendment retaliation claim.

First, plaintiff's own testimony establishes that Elizarraras, Moreno, and Navarro did not make (and/or plaintiff does not recall them making) any threatening statements to him after the September 20, 2020, incident. Second, the alleged adverse actions, beating plaintiff and/or writing him up in an RVR, occurred before plaintiff filed and CDCR received Grievances Nos. 45526 and 45527. See ECF No. 1 at 3 (alleged incident occurred on September 20, 2020); ECF No. 48-4 at 6 (Grievances Nos. 45526 and 45527 were received October 2, 2020), 9 and 11 (plaintiff submitted Grievance No. 45526 on October 1, 2020), 9-16 (CDCR 602 for Grievance No. 45526 regarding excessive force by Nguyen, Assaad, Moreno, Navarro, and Elizarraras during cell extraction), 18-22 (CDCR 602 and Decision for Grievance No. 45527 regarding retaliation); ECF No. 49 at 2 (defendant Moreno wrote an RVR for battery on a peace officer against plaintiff on September 20, 2025). When adverse actions occur before the alleged protected conduct, plaintiff fails to establish a first amendment retaliation claim. See Reed v. Chavez, No. 22-cv-2657 JSW, 2023 WL 8438570, at *3, 2023 U.S. Dist. LEXIS 216306, at *7 (N.D. Cal. Dec. 5, 2023) (granting summary judgment on a first amendment retaliation claim, in part, because the filing of a grievance could not have caused the issuance of two RVRs where the RVRs were issued before the grievance was filed); Hammler v. Aviles, No. 17-cv-1185 AJB (WVG), 2021 WL 5494323, at *9, 2021 U.S. Dist. LEXIS 226147, at *25 (S.D. Cal. Nov. 23, 2021) (same); Dawson v. California Dep't of Corr. and Rehab., No. 1:15-cv-1867 DAD GSA PC, 2017 WL 4778553, at *5, 2017 U.S. Dist. LEXIS 175417, at *13 (E.D. Cal. Oct. 23, 2017) (failure to state a first amendment retaliation claim where the evidence showed the RVR was issued before plaintiff filed the grievance and therefore the RVR could not have been issued

11

because of the grievance).

Third, plaintiff has not identified any other grievances or incident reports he filed or other protected conduct he engaged in prior to September 20, 2020, from which a reasonable jury could conclude defendants beat or wrote up plaintiff because he engaged in protected conduct. Nor has provided evidence that he had any other interactions with Moreno, Navarro, and/or Elizarraras that a reasonable jury could interpret as adverse.

### iii. Conclusion

Because plaintiff cannot establish that defendants (1) engaged in an adverse action, (2) because (3) plaintiff engaged in protected conduct, the court should grant summary judgment in favor of defendants on plaintiff's First Amendment retaliation claim.[4]

### B. Eighth Amendment – Excessive Force

#### i. Legal Standard

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on inmates which has been defined as "the unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). The court's inquiry into an excessive force claim focuses on the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted). While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency in violation of the Eighth Amendment. Whitley, 475 U.S. at 327.

---

[4] In light of this ruling on the merits, the court need not address the question whether plaintiff exhausted his retaliation claims against Elizarraras, Moreno, and Navarro.

12

ii. Analysis

1. Defendant Nguyen

Defendants argue that Nguyen is entitled to summary judgment on the excessive force claim because plaintiff cannot recall any actions taken by Nguyen, Nguyen did not enter plaintiff's cell until after plaintiff was "secured," and there is no evidence that could show he used any excessive force. ECF No. 48 at 12. However, as discussed more fully below, the facts are disputed with respect to whether plaintiff was "secured" before Nguyen entered the cell and whether Nguyen participated in an excessive use of force during the cell extraction.

DSUF No. 7 states, "Once Plaintiff was secured, Sgt. Nguyen entered the cell." It appears defendants are using the term "secured" to mean that plaintiff was fully restrained and the altercation was over. They argue accordingly that Nguyen could not have been involved in the kicking, punching, hitting, and beating plaintiff alleges occurred in restraining him. See ECF No. 48-1 at 7; Id. at 11; ECF No. 48-2, DSUF No. 7. However, the video surveillance relied upon by defendants does not support the predicate factual assertion. Instead, the video footage shows that four individuals in protective gear entered a cell; seven second later another individual in a law enforcement uniform entered the cell; all five individuals remained in the cell for fifty-six seconds before other individuals in law enforcement uniforms approached the cell door; about another minute later the spinal board was provided to the individuals in the cell; and about forty seconds later, a previously unidentified individual, who was not in uniform or protective gear, was removed from the cell using the spinal board. See CDCR Surveillance Video, timestamped 6:42:45-6:45:18. Due to the camera angle, it is impossible to see whether plaintiff was "secured" and/or the physical altercation had subsided before Nguyen entered the cell.

Moreover, Nguyen's September 21, 2020, narrative, which plaintiff attaches to his opposition, calls into question whether plaintiff was "secured" before Nguyen entered the cell. In his narrative, Nguyen states that "once he entered the cell, he observed plaintiff resisting, ordered him to "stop resisting," and "observed staff force Poindexter's legs down [and] appl[y] leg restraints to both legs." ECF No. 49 at 5.

Additionally, although defendants are correct that plaintiff testified he does not recall what

13

actions Nguyen specifically took during the cell extraction, plaintiff provides other evidence from which a jury could infer that Nguyen was involved in the alleged attack. In Rutherford v. City of Berkeley, the Ninth Circuit reversed the district court's directed verdict in defendants' favor on excessive force claims against several officers because a reasonable jury could infer that the officers who "were among the five or six officers who detained, arrested and handcuffed [plaintiff]," participated in the alleged punching and kicking even if they denied such allegations. Rutherford v. City of Berkeley, 780 F.2d 1444, 1448 (9th Cir. 1986) abrogated on other grounds by, Graham v. Connor, 490 U.S. 386 (1989).

Similarly, in Freeland v. Sacramento City Police Department, this court denied summary judgment to two defendants on excessive force claims, despite plaintiff's testimony that he did not recall whether they touched him during or after his arrest or while he was being attacked from behind. Freeland v. Sacramento City Police Dep't, No. CIV-06-0187 LLK DAD P, 2010 WL 408908, at *13, 2010 U.S. Dist. LEXIS 7297, at *37-42 (E.D. Cal. Jan. 29, 2010) findings and recommendations adopted in, 2010 WL 960375, 2010 U.S. Dist. LEXIS 24430 (E.D. Cal. Mar. 16, 2010). The court explained that because these two defendants were among the six officers who detained plaintiff and assisted in his arrest, and plaintiff had testified that defendants "laid him face down in the street and one or two of them repeatedly attacked him from behind," "a jury could reasonably infer from the circumstantial evidence presented that [these two defendants] were not merely present at the scene, but also participated in the alleged attacks on plaintiff." Freeland, 2010 WL 408908 at *14, 2010 U.S. Dist. LEXIS 7279 at 38, 42.

In the present case, plaintiff's verified complaint and deposition testimony provide circumstantial evidence from which a jury could conclude that Nguyen participated in the alleged attack on plaintiff. The verified complaint states the following: on September 20, 2020, Nguyen ordered a cell extraction; the extraction was conducted by all five defendants, including Nguyen, who were part of the cell extraction team; and the cell extraction team beat plaintiff "with baton fists boot kicks and others." ECF No. 1, Compl. ¶¶ 8-9. Additionally, during his deposition, plaintiff testified that all five defendants entered his cell, and that while he was faced down, they kicked, punched, hit, and beat him, and that he could not see who hit, punched or beat him each

1   time because every time he turned his head to the side, they continued to punch and hit him.  Pl's
2   Depo.16:25-20:12.⁵  Moreover, CDCR's video surveillance shows that Nguyen entered plaintiff's
3   cell and that he was inside the cell with the other defendants for fifty-six seconds before other
4   staff arrived.  ECF No. 48-5, CDCR surveillance video, timestamped 6:42:52-6:43:48.
5   Accordingly, there remains a material dispute of fact regarding his involvement.

   For all these reasons, Nguyen is not entitled to summary judgment on the Eighth
7   Amendment excessive force claim.

                                2.   Defendant Moreno

9   Defendants argue that defendant Moreno is entitled to summary judgment on the
10  excessive force claim because during plaintiff's deposition he "confirm[s] all five defendants
11  were in the cell," but "[h]e cannot recall which defendants kicked and punched him."  ECF No.
12  48-1 at 12-13.  No other evidence is cited to in the "Argument" section of defendants' brief, id.,
13  although the court notes that defendants' "Statement of Facts" section and attached declaration
14  from Moreno state that he restrained plaintiff's legs but did not strike or use any other force
15  against plaintiff.  ECF No. 48-2, DSUF No. 9 ("Defendant Moreno restrained [plaintiff's] legs
16  and did not strike [plaintiff] or use any other force"); ECF No. 48-6, Moreno Decl. ¶ 7 ("I was
17  able to grab [plaintiff's] left leg and was able to place restraints on [plaintiff's] legs.  I did not use
18  any other force on [plaintiff].  I did not strike [plaintiff].").

19  As discussed above, summary judgment is not warranted simply because plaintiff does not
20  recall or know what each individual defendant did.  Plaintiff's verified complaint, deposition
21  testimony, and the video surveillance provide evidence from which a jury could conclude that
22  Moreno used more force than merely restraining plaintiff's legs.  There remains a material dispute
23  of fact regarding his involvement.  Accordingly, Moreno is not entitled to summary judgment on
24  the Eighth Amendment excessive force claim.
25  ////
26

---

27  ⁵ It is also worth noting that although defendants' motion for partial summary judgment includes
    a sworn declaration from defendant Moreno stating that he did not strike plaintiff, no such similar
28  declaration is provided by defendant Nguyen.  Cf. ECF No. 48-6, Moreno Decl. ¶ 7.

### C. Eighth Amendment – Failure to Protect

#### i. Legal Standard

"[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstrating in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842. He must then fail to take reasonable measures to lessen the substantial risk of serious harm. Id. at 847. Negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

#### ii. Analysis

As an initial matter, the court recognizes that the screening order in this case found plaintiff had stated excessive force claims but did not expressly address plaintiff's failure-to-protect claims. See ECF No. 8; ECF No. 48-1 at 10. Plaintiff's complaint nonetheless provides a legal and factual basis for Eighth Amendment excessive force and/or failure to protect claims against defendants Assaad, Elizarraras, Moreno, Navarro, and Nguyen because the excessive force and failure to protect claims are closely intertwined. On the facts of this case, failure to protect functions essentially as an alternative theory of Eighth Amendment liability.

If excessive force was used by one or more defendants and the other defendants witnessed that excessive force but did not intervene, those defendants who could have but did not intervene would be liable not for the use of force but for their failure to protect plaintiff. See Gowins v. Bland, No. 3:19cv1510/MCR/EMT, 2020 WL 13840769, at *6, 2020 U.S. Dist. LEXIS 271549, at *15 (N.D. Fla. Oct. 26, 2020), report and recommendation adopted, 2021 WL 11691143, 2021

16

1  U.S. Dist. LEXIS 267312 (N.D. Fla. Jan. 19, 2021) ("Plaintiff's failure to protect claim is
2  inextricably intertwined with his excessive force claim—i.e., if there was no excessive use of
3  force, then there was no duty to intervene; conversely, if there was an excessive use of force, then
4  Plaintiff has raised a genuine issue of material fact with regard to Flores' failure to protect him.");
5  Jones v. Bishop, No. CV-09-0150 JLQ, 2010 WL 4628067, at *4, 2010 U.S. Dist. LEXIS
6  117837, at *10-11 (E.D. Cal. Nov. 5, 2010) ("Closely intertwined with the excessive force claims,
7  this court found the Plaintiff had also stated cognizable claims against Defendants Thompson,
8  Robertson and Wright for failure to protect Plaintiff from the cell extraction on December 8,
9  2007."); Williams v. Holt, No. 3:202-CV-634, 2006 WL 3741936, at *3 n.2, 2006 U.S. Dist.
10 LEXIS 91707, at *9 n.2 (E.D. Tenn. Dec. 18, 2006) ("While an excessive-force claim and a
11 failure-to-protect claim have different elements and are legally distinct, they are somewhat
12 intertwined since the duty to protect will not arise unless there was excessive force.").

13       Defendants argue that Nguyen is entitled to summary judgment because plaintiff "has no
14 evidence that Nguyen knew of and disregarded an excessive risk to [plaintiff's] safety," "[t]he
15 video confirms that Nguyen did not enter the cell until [plaintiff] was secure," and plaintiff "does
16 not suggest what, if any, reasonable measures, Nguyen could have taken to intervene or protect
17 [plaintiff] from what allegedly happened during the cell extraction." ECF No. 48-1 at 11.
18 Defendants ask the court to conclude that because Nguyen did not enter the cell until after
19 plaintiff had been "secured," Nguyen could not have witnessed any excessive force allegedly
20 used by Assaad, Elizarraras, Moreno, and/or Navarro, and therefore could not have done anything
21 to protect plaintiff. However, as noted above, the video footage does not indisputably confirm
22 that Nguyen entered the cell after plaintiff had been "secured." Instead, it shows that all five
23 defendants were in plaintiff's cell for almost one minute out of sight from other staff members
24 and the surveillance camera. Also, it is impossible to tell from the video footage what Nguyen
25 could and could not see even before he entered the cell.

26       Additionally, plaintiff's verified complaint and deposition testimony aver that Nguyen
27 was in the cell while defendants punched, kicked, hit, and/or beat him and that Nguyen witnessed
28 Navarro's use of force against plaintiff. See ECF No. 1, Compl. ¶¶ 8-10, 13-24, 16, 19-22; ECF

No. 48-3, Pl's Depo. 16:25-20:12.  This version of events, in which Nguyen was in the cell and could likely see the other defendants' use of force, is consistent with the video surveillance which shows he entered the cell only seven seconds after the other defendants and by Nguyen's narrative of the incident, written the next day, in which he states that he entered the cell and witnessed some force applied against plaintiff.  ECF No. 49 at 5.

Because there are material factual disputes as whether the force used by Assaad, Elizarraras, Moreno, and Navarro was reasonable, and what use of force defendant Nguyen witnessed, there is also a triable question of fact as to what Nguyen could have done to intervene. Viewing the evidence in the light most favorable to plaintiff, as the court must do at summary judgment, the undersigned finds that a jury could reasonably conclude that as the sergeant who ordered the cell extraction and was in close proximity to the alleged incident of excessive force, Nguyen witnessed the other officer's use of excessive force and failed to take measures to prevent further serious harm to plaintiff.  See Robins v. Centinela State Prison, 19 F. App'x 549, 551 (9th Cir. 2001) (reversing grant of summary judgment in favor of defendants on prisoner's failure to protect claim where plaintiff testified that defendant prison official saw him being dragged away by three prison guards and witnessed part of the beating the guards inflicted on him); see also Thompson v. Gomez, No. 18-cv-0125 JLT SAB (PC), 2022 WL 866562, at *13, 2022 U.S. Dist. LEXIS 52763, at *38-39 (E.D. Cal. Mar. 23, 2022), findings and recommendations adopted, 2022 WL 1172856, 2022 U.S. Dist. LEXIS 72948 (E.D. Cal. Apr. 20, 2022) (denying motion for summary judgment on failure to protect claim because dispute regarding excessive force by several officers remained and plaintiff "presented evidence that Johnson and Bubsy were supervising sergeants very close in proximity to the other officers at the time of the takedown" and that they "sat there and watched" while other officers used excessive force against him).

### iii.  Conclusion

Accordingly, the court should deny defendants' motion for partial summary judgment on the Eighth Amendment failure to protect claim against defendant Nguyen.

////

////

VIII. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

It is being recommended that defendants' motion for partial summary judgment be granted only with respect to your retaliation claim, because the undisputed evidence shows that defendants Elizarraras, Moreno, and Navarro did not retaliate against you for filing a grievance or incident report against them, or for any other conduct that is protected under the First Amendment.

It is being recommended that defendants' motion for partial summary judgment be denied with respect to your Eighth Amendment excessive force claims against defendants Moreno and Nguyen, because a jury could find that they used force that was not proportional to the need for the use of force during the alleged incident. Lastly, it is also being recommended that defendants' motion be denied with respect to your Eighth Amendment failure to protect claim against defendant Nguyen because a jury must decide whether any of the other defendants used excessive force against you, whether defendant Nguyen was aware they were using excessive force against you, and whether defendant Nguyen had a reasonable opportunity to intervene and failed to do so. If this recommendation is adopted by the district judge, your Eighth Amendment claims will proceed to trial.

IX. <u>Conclusion</u>

For all the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for partial summary judgement (ECF No. 48) be GRANTED in part and DENIED in part, as follows.
   a. GRANTED as to plaintiff's First Amendment retaliation claim against defendants Moreno, Navarro, and Elizarraras;
   b. DENIED as to plaintiff's Eighth Amendment excessive force claims against defendants Moreno and Nguyen; and
   c. DENIED as to plaintiff's Eighth Amendment failure to protect claim against Nguyen.
2. The case proceed on plaintiff's Eighth Amendment excessive force and failure to protect claims against defendants Assaad, Elizarraras, Moreno, Navarro, and Nguyen.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 16, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE